IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

AMERICAN EXPRESS CENTURION BANK                                    APPELLANT

V.                                                          CIVIL ACTION NO. 2:08CV39-NBB

JESSIE WAYNE HENDRIX,
PATSY LOUISE HENDRIX,
JEFFREY A. LEVINGSTON,
ET. AL.                                                                            APPELLEES

## MEMORANDUM OPINION

This cause comes before the court on appeal from the August 15, 2007, Memorandum Opinion and Order of the United States Bankruptcy Court for the Northern District of Mississippi denying the appellant's applications for orders directing payment of funds to American Express Centurion Bank.

### Factual and Procedural Background

On March 22, 1999, Jessie Wayne Hendrix and Patsy Louise Hendrix, appellees herein, filed their Chapter 7 Bankruptcy Petition in the United States District Court for the Northern District of Mississippi, Case No. 99-11317. Appellant, American Express Centurion Bank ("Amex") was listed as one of their unsecured creditors. The case remained open until November 9, 2005, at which time the bankruptcy court entered an order approving the trustee's final report. The court allocated a sum of $473.12 to Amex. The trustee attempted to tender the money to Amex but was unable to do so. On January 11, 2007, the trustee filed a Rule 3011 List of Unclaimed Funds, Claimants and Amounts, listing the amount owed to Amex. The trustee subsequently paid the sum into the United States Treasury for holding until such time as Amex claimed the funds.

Another of the bankruptcy estate's creditors was the Internal Revenue Service. At the same time that the trustee attempted to tender payment to the unsecured creditors, he also attempted to pay the sum of $4913.39 to the IRS as a priority creditor. The IRS, however, refused to accept payment because its claim had already been closed. The trustee notified the court and was granted authority to allocate and distribute the returned payment *pro rata* among the unsecured creditors. The bankruptcy court entered an order granting supplemental distribution to creditors on March 5, 2007, and directing the trustee to distribute the additional sum of $833.75 to Amex. Once again, Amex could not be discovered in order to receive the payment.

In situations such as this, where funds allocated to a creditor await disbursement, companies such as American Property Locators, Inc., provide assistance to creditors as a "funds locator," discovering unclaimed funds and retrieving them on behalf of clients such as Amex. In the present case, American Property Locators' agent Greg Griffith filed the applications on Amex's behalf after being granted a Limited Power of Attorney by Amex. Mr. Griffith is not an attorney.

Mr. Griffith filed applications for disbursement of the unclaimed funds to Amex on March 7, 2007. On August 15, 2007, the bankruptcy court entered its opinion and order denying the applications for payment of the held funds on the ground that Mr. Griffith is not an attorney and that the filing of an application for payment of money allocated to a specific creditor constitutes the practice of law. Amex filed its notice of appeal in the bankruptcy court on August 24, 2007, and the case was assigned to the undersigned district judge on February 22, 2008.

Standard of Review

The applicable standard of review in a bankruptcy appeal is the same as that applied by the Court of Appeals when reviewing a district court proceeding. *In re Killebrew*, 888 F.2d 1516, 1519 (5th Cir. 1989). The bankruptcy court's findings of fact are reviewed under the clearly erroneous standard. *Killebrew*, 888 F.2d at 1519. Conclusions of law are reviewed *de novo*. *In re Nat'l Gypsum Co.*, 208 F.3d 498, 504 (5th Cir. 2000).

Analysis

In denying Amex's applications for disbursement, the bankruptcy court acknowledged that "Rule 9010 does permit an attorney in fact to perform acts that do not constitute the practice of law" and that administrative functions in the bankruptcy court do not require attorney representation. The court ultimately ruled, however, that "the taking of the steps to seek court approval of the applications [for disbursement of funds] is the practice of law." The court also relied on the rule "that a corporation can appear in a court of record only by an attorney of law." *Southwest Express Co., Inc. v. Interstate Commerce Comm'n*, 670 F.2d 53, 55 (5th Cir. 1982).

Rule 9010 of the Federal Rules of Bankruptcy Procedure provides in what manner and through whom a creditor may act. The rule states:

> A debtor, creditor, equity security holder, indenture trustee, committee or other party may (1) appear in a case under the Code and act either in the entity's own behalf or by an attorney authorized to practice in the court, and (2) perform any act not constituting the practice of law, by an authorized agent, attorney in fact, or proxy.

11 U.S.C. § 101(10)(A) defines a "creditor" as an "entity that has a claim against the debtor that arose at the time of or before the order for relief concerning the debtor." An "entity" is defined by § 101(15) to include a "person, estate, trust, governmental unit, and United States trustee."

3

Finally, a "person" is defined by § 101(41) as an "individual, partnership, and corporation . . . ." It thus appears that a corporation, as a creditor, is entitled to avail itself of Rule 9010 just as an individual would. A corporation, therefore, may "perform any act not constituting the practice of law, by an authorized agent, attorney in fact, or proxy."

Having found that Rule 9010 applies to corporations such as Amex, this court must now determine whether seeking disbursement of funds already allocated to a creditor in bankruptcy court amounts to an administrative function which may be performed by a non-attorney or whether such action constitutes the practice of law.

"The legislative history of the Bankruptcy Reform Act of 1978 . . . plainly indicates the intent of Congress to separate purely administrative functions from judicial ones in the bankruptcy arena." *State Unauthorized Practice of Law Comm. v. Paul Mason & Associates, Inc.*, 46 F.3d 469, 471 (5th Cir. 1995). A Tennessee bankruptcy court has ruled that a creditor corporation is permitted to appear through its non-attorney agent at the § 341(a) meeting of creditors and actually question the bankruptcy debtor on the record. *In re Kincaid*, 146 B.R. 387 (W.D. Tenn. 1992). In so ruling, the court noted that "the § 341(a) meeting of creditors [is not] concerned with determining the rights and obligations of the parties before it." *Id.* at 390.

This court finds that, like the § 341(a) meeting of creditors, the process of applying for funds which have already been adjudicated to be the creditor's is not "concerned with determining the rights and obligations of the parties." The rights and obligations of the debtor and creditor have already been resolved, and the process at issue here is simply the process of requesting payment for what has already been allocated to the creditor. This process "in nowise involves the concept of advocacy," nor does it empower the creditor's agent "to make dispositive

4

determinations affecting or adjusting debtor-creditor relationships." *Id.* at 391. This court considers the application process an administrative function, and as such, it may be performed by a non-attorney – in this case, Mr. Griffith on behalf of Amex.

## Conclusion

For the foregoing reasons, the court finds that the August 15, 2007, ruling of the bankruptcy court in the underlying bankruptcy action should be reversed. A separate order in accord with this opinion shall issue this day.

This, the 24th day of March, 2009.

/s/ Neal Biggers

_____
**NEAL B. BIGGERS, JR.**
**SENIOR U.S. DISTRICT JUDGE**